GRACE R. SELIGMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8403. Promulgated August 15, 1947.

*Henry Grun, Esq.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

JOHNSON, *Judge*: This case was submitted upon a stipulation and exhibits, which we hereby adopt 'as findings of fact and from which it appears that:

Petitioner, a resident of San Antonio, Texas, filed a gift tax return for 1941 with the collector of internal revenue for the first district of Texas. She is the wife of Julius Seligmann, and was designated as beneficiary under three policies of insurance which he took out on his life in 1923 and under six policies which he took out in 1928. The face amount of the nine policies aggregated $185,000. On December 20, 1935, Seligmann, with the consent of the three insurance companies which had severally issued the policies, designated the Frost National Bank of San Antonio, Texas, as the beneficiary under each, and assigned and delivered the policies to the bank as, trustee under the terms of a trust instrument which the bank accepted. At that time loans against the policies aggregated $25,493.50.

By the trust's terms the trustee was "vested with all right, title and interest in and to the policies," with authority to exercise all options, benefits, rights and privileges; to collect, invest, and reinvest the proceeds, and generally to perform all acts incidental and necessary to the accomplishment of trust purposes; to leave all or part of the proceeds on deposit with the company issuing the policy under a settlement option or on deposit with another company; and to incur and pay expenses of management, including attorneys' fees if deemed necessary. The settlor expressly renounced all his right, title, and interest in and to the policies and their proceeds, reserving, however, the right to change the trustee by designating another to act as substitute trustee with the consent of all beneficiaries, "but in all other respects this trust in its entirety is irrevocable."

Paragraph III of the trust provides:

If and when the policies hereunder shall be matured as death claims, the Settlor directs the Trustee to disburse the income and principal of the trust estate in the manner hereinafter set forth.

(a) The Trustee shall pay to Grace R. Seligmann, wife of the Settlor, out of income, or out of income and principal as may be necessary, the sum of One Thousand Dollars ($1000.00) per month until her death, or until the principal sum shall have become exhausted, whichever event shall have prior occurrence.

(b) Should the said Grace R. Seligmann predecease the Settlor, or survive the Settlor and die before the principal sum has been exhausted, the remaining balance shall be divided into two equal portions and held for the benefit of the Settlor's two children, Julius Seligmann, Junior, and Mrs. Lee W. Strauss, should both be living, or the whole sum to the survivor thereof, provided however, that in the event either of these children should predecease the said Grace R. Seligmann, or survive her and die leaving surviving children, said children shall receive per stirpes the portion provided for herein for the deceased parent.

(c) Should the said Julius Seligmann, Jr., become a beneficiary hereunder,

he shall be paid the sum of Five Hundred Dollars ($500.00) monthly until his portion of the fund shall have become exhausted, or until his death, whichever event shall have prior occurrence, and should he predecease the said Grace R. Seligmann, or survive her, and die leaving surviving children, said payments of Five Hundred Dollars ($500.00) per month shall be distributed in equal shares to such surviving children, until the principal sum shall have become exhausted, and should the said Julius Seligmann, Jr., die without issue, all benefits accruing to him hereunder shall accrue to his sister, the said Mrs. Lee W. Strauss, or her surviving children, if any, otherwise to the estate of the said Julius Seligmann, Jr.

(d) Should the said Mrs. Lee W. Strauss become a beneficiary hereunder, she shall be paid the sum of Five Hundred Dollars ($500.00) monthly until his [her] portion of the fund shall have become exhausted, or until her death, whichever event shall have prior occurrence, and should she predecease the said Grace R. Seligmann, or survive her, and die leaving surviving children, said payments of Five Hundred Dollars ($500.00) per month shall be distributed in equal shares to such surviving children, until the principal sum shall have become exhausted, and should the said Mrs. Lee W. Strauss die without issue, all benefits accruing to her hereunder shall accrue to her brother, the said Julius Seligmann, Jr., or his surviving children, if any, otherwise to the estate of the said Mrs. Lee W. Strauss.

Paragraph IX of the trust restrains the beneficiaries "from anticipating, encumbering, alienating or in any other manner assigning his or her interest or estate in either principal or income," and such interest or estate is declared to be not liable to judgments, legal processes, bankruptcy proceedings, claims of creditors, etc.

The only provision of the trust relative to the payment of insurance premiums is contained in paragraph VII, as follows:

* * * There shall be no responsibility upon the Trustee to provide funds to pay premiums on any of the policies herein, other than to exercise its discretion with regard to surrendering policies or borrowing on policies for such purpose.

Petitioner herein paid all of the premiums on the insurance policies here involved during the years 1936 to 1941, both inclusive, out of her share of the funds of a partnership between herself and her husband, and also paid interest on the loans against said policies during the same period. The payments made by her for 1941, the taxable year involved, were, insurance premiums, $6,897.95; interest on loans, $1,536.74, totaling $8,434.69. Respondent in his brief concedes that there should be deducted from this amount the sum of $2,159, the then value of reserve rights of petitioner in the policies, leaving a net amount of $6,275.69 upon which respondent claims petitioner owes and is obligated to pay a gift tax.

Did such payments by petitioner constitute a transfer of property by gift within the meaning of section 1000 et seq., chapter 4, Internal Revenue Code, therefore being subject to a gift tax as determined by the Commissioner? We think not.

We are aware that the word "gift" as defined in the Federal gift

tax statute is very broad and comprehensive and covers transactions that in ordinary parlance, or even in the usual legal interpretation, would not be regarded as a gift, but even considering such wide and all-inclusive definition of that term, we can not believe that under the particular facts of this case the payments here made constitute a gift.

If these payments constituted a gift, to whom was the gift made? Certainly not to the insurance companies, for the payments to them were based upon a valuable consideration—keeping in effect the policies.

Nor were such payments a gift to petitioner's husband; he had relinquished ownership and irrevocably divested himself of all interest and rights in the policies. Furthermore, it is a matter of common knowledge, of which the Court will take judicial notice, that no personal liability would be asserted against him by the insurance companies for failure to make payments of the premiums or the policy loans or interest due thereon. Under the universal practice in the life insurance held in this country, payment of subsequent premiums to continue in effect life insurance is a matter of option with the insured, and policy loans are made by life insurance companies for an amount within the cash surrender or loan value of the policies and on the sole security of the policy.

Neither do we think such payments constituted a gift to the trust estate or to the beneficiaries named in the trust. The Supreme Court has held that a contribution or gift to a trust estate is to be regarded, not as a gift to the trust, but rather to the beneficiaries named in the trust. See *Helvering* v. *Hutchings*, 312 U. S. 393.

The trust instrument in the pending case named but three beneficiaries, viz, petitioner herein, who is the wife of the settlor, and his two children, Julius Seligmann, Jr., and Mrs. Lee W. Strauss (the record fails to disclose whether or not they are petitioner's own children or her step-children). Petitioner was the principal beneficiary and the only one whose interest was direct, unconditional, and based on no contingency. Upon maturity of the policies as a death claim, the trustee was required to pay petitioner "out of income or out of income and principal as may be necessary the sum of One Thousand Dollars ($1,000.00) per month until her death or until the principal sum shall have become exhausted, whichever event shall have prior occurrence."

The two children's interest was purely reversionary and they would receive nothing unless at the time of petitioner's death the principal sum of the trust fund had not been exhausted, in which event they were to be paid out of the unexpended balance monthly payments of $500.

It is a matter of common knowledge that, in order to collect life insurance and receive full benefits therefrom when it matures, the

premiums must be paid as they become due; otherwise the policies either lapse in their entirety or there is a material diminution in their value. The trust instrument made no provision for the payment of the premiums or interest on the loans.

Petitioner, above all others, had a pecuniary interest in the policies and it was greatly to her financial advantage that the premiums should be paid and the policies maintained for their full amount.

Are we, under such circumstances as these, warranted in holding that the payments by the petitioner were a gift to the beneficiaries in the trust? Surely not to herself, for the elementary definition of a gift is the "voluntary transfer of property by one to *another* without any consideration or compensation therefor." Ballentine's Law Dictionary; *Commissioner* v. *Montague*, 126 Fed. (2d) 948. The donor and donee can not be the same person. And implicitly so recognizing, the Supreme Court, in *Smith* v. *Shaughnessy*, 318 U. S. 176, involving imposition of the Federal gift tax, excluded the donor's reversionary interest from the taxable value of property transferred by gift to a trust, and in *Burnet* v. *Guggenheim*, 288 U. S. 280, it remarked:

The statute is not aimed at every transfer of the legal title without consideration. Such a transfer there would be if the trustees were to hold for the use of the grantor.

Is it reasonable to assume that the remote and contingent interest of the other beneficiaries was the motivating influence that caused petitioner to make such payments? Is it not more reasonable to assume that her own self-interest dictated that she do so? We can not impute to petitioner a donative intent, when the maintenance of the policies is shown to be directly in the interest of her own security.

This case is clearly distinguishable from *Frances P. Bolton*, 1 T. C. 717, cited by respondent. There the taxpayer was the donor of the trust (not the donee) and paid the premiums on the policies while no longer having any interest in their proceeds, since she had changed the beneficiaries to persons other than herself.

We hold that the payments by petitioner did not constitute a taxable gift and accordingly,

*Decision will be entered for the petitioner.*