CORNELIA HARRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11616.   Promulgated April 30, 1948.

*Irwin N. Wilpon, Esq.*, for the petitioner.
*Scott A. Dahlquist, Esq.*, for the respondent.

[1] Cf. *Thomas Zacek*, 8 T. C. 1056.

742

**OPINION.**

MURDOCK, *Judge*: The respondent concedes in his brief that the petitioner was a nonresident alien when she made the transfers during 1940, 1941, and 1942 which are in dispute under the first issue. The evidence alone might leave a question as to residence, cf. *John Henry Chapman*, 9 T. C. 619, but the Court accepts the agreement of the parties for the purpose of this case. The point upon which the

parties disagree in regard to these transfers is whether they are free from gift tax because made from moneys upon deposit in a bank in the United States. Both the estate tax and the gift tax chapters provide that they apply, in the case of nonresident aliens, only to transfers of property situated within the United States. Secs. 861 (a) and 1000 (b), I. R. C. Section 863 (b) of the estate tax chapter expressly provides that "any moneys deposited with any person carrying on the banking business, by or for a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death" shall not "be deemed property within the United States." The gift tax chapter contains no such provision. The petitioner argues, nevertheless, that the two chapters must be read in *pari materia* so that "property within the United States" means the same in each. The Commissioner argues that bank deposits are property within the United States for gift tax purposes, since it took a special provision of the estate tax chapter to exclude them from the estate tax and no similar exemption was granted for gift tax purposes.

The argument of the petitioner in regard to the purpose of the gift tax and its relation to the estate tax and the cases cited have been carefully considered. The Supreme Court has said on more than one occasion that the two taxes are in *pari materia* and must be construed together and "there is every reason for giving the same words in the gift tax the same reading." *Sanford* v. *Commissioner*, 308 U. S. 39; *Merrill* v. *Fahs*, 324 U. S. 308. The petitioner relies particularly upon *Commissioner* v. *Bristol*, 121 Fed. (2d) 129, reversing 42 B. T. A. 263 ; and *Merrill* v. *Fahs, supra.*

The question in the *Bristol* and *Merrill* cases was whether an antenuptial agreement in which the prospective husband transferred property to the prospective wife in consideration of release of her dower and curtesy rights was a gift. The taxpayers argued that the release of dower and curtesy rights by the wife was "an adequate and full consideration in money or money's worth." Those same words appeared in both the gift tax and the estate tax provisions, but the estate tax provisions contained another provision, not appearing in the gift tax, to the effect that the relinquishment of marital rights shall not constitute consideration in money or money's worth for the purposes of the estate tax. The taxpayers reasoned that the absence of that provision in the gift tax required the recognition of adequate consideration in money or money's worth in the surrender of marital rights by the prospective wife. The Circuit Court of Appeals for the First Circuit, in the *Bristol* case, said that even if the insertion of the language in the estate tax were regarded as an actual change in the treatment of marital rights as consideration for estate tax purposes, nevertheless, "we think it probable that the same provisions should be read

into the gift tax." No similar statement is to be found in the opinion of the Supreme Court in the *Merrill* case.

Those two cases are distinguishable from the present case. The Court pointed out in each of those cases that the release of marital rights was not regarded as an adequate and full consideration in money or money's worth, even before the amendment to the Estate Tax Act containing the express provision.[1] For example, the Court said in the *Bristol* case:

* * * We think, however, that the amendment was added merely from an abundance of caution and should be regarded as declaratory of the law as it previously existed.

The Supreme Court said in the *Merrill* case:

* * * Plainly, the explicitness was one of cautious redundancy to prevent "subversion of the legislative intent." Without this specific provision, Congress undoubtedly intended the requirement of "adequate and full consideration" to exclude relinquishment of dower and other marital rights with respect to the estate tax.

Thus the decisions in those cases would have been the same had there been no provision in regard to marital rights in the estate tax law. It has not been suggested that money on deposit in a bank in the United States would not be regarded as property situated in the United States in the absence of some statutory provision to the contrary or that section 863 (b) was merely declaratory of the existing law. Cf. *Smith* v. *Ajax Pipe Line Co.*, 87 Fed. (2d) 567; Beale, Conflict of Laws (1935 Ed.), section 118C.33. Also, the Court pointed out in the *Merrill* case that identical construction of the language there considered was necessary in order to carry out the purpose of Congress. Congress added section 863 (b) so that American banks would not be at a disadvantage in competing with foreign banks in obtaining deposits from nonresident aliens not engaged in business here. The petitioner sees that purpose served equally as well by exempting or excluding the same deposits from the gift tax. But Congress did not insert any corresponding provision in the gift tax law and the failure can not be attributed to oversight, because a similar reason for such a provision does not exist. Death may overtake a person without warning, leaving the deposit subject to death duties, but a gift is made voluntarily. It would be relatively simple for a nonresident alien having funds on deposit in a bank in the United States to transfer those funds out of the United States and then make a gift free from United States gift tax. This circumstance may explain why Congress made no specific provision in the gift tax law covering foreign owned deposits. It may have had other reasons. The fact remains that it did not specifically exempt or exclude them and an exemption or exclusion can not be read into the law on the theory

---

[1] Cf. *Burnet* v. *Guggenheim*, 288 U. S. 280; *Elizabeth W. Lyman*, 23 B. T. A. 540.

that an exact parallel must be found between the estate and gift tax provisions. As the Supreme Court said in the *Merrill* case, "Correlation of the gift tax and the estate tax still requires legislative intervention."

The petitioner next argues that, if the first issue is decided against her, nevertheless, the payments of premiums on her husband's insurance policy were not gifts. Her point is that she had an interest in the policy because the proceeds would go either to Wright or to his estate and she would benefit at his death as the chief beneficiary of his estate. She does not contend that her interest in the policy arises out of her payment of the premiums or dispute that the policy belonged to her husband, with the right in him to dispose of it and the proceeds as he might wish. She also concedes that her inchoate interest would terminate if the policy lapsed or if he made some other disposition of it. It is obvious that she had no interest in this policy which would prevent her payment of these premiums from being taxable gifts. She could make the same claim that she is making here if she gave him money for any other purpose, such as, for example, to buy securities. The case of *Grace R. Seligmann*, 9 T. C. 191, cited by the petitioner, is readily distinguishable because there the taxpayer who paid the premiums was the beneficiary of a trust to which her husband had transferred his insurance policies on his life.

The petitioner's next contention is that transfers which she made to her husband pursuant to a property settlement agreement adopted in a subsequent decree of divorce were not taxable gifts because there was an adequate and full consideration in money or money's worth for those transfers. The Commissioner concedes that the facts in this case are not distinguishable from those on which we decided for the petitioner in *Estate of Josephine S. Barnard*, 9 T. C. 61. He argues that that decision is incorrect. The *Barnard* case will be followed as authority in this case and consideration of two alternative issues raised by the petitioner becomes unnecessary.

Reviewed by the Court.

*Decision will be entered under Rule 50.*